UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

MICHAEL I. WILLETT,

      Defendant.

Case No. 06-cv-30008-JPG-3

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Michael I. Willett for relief from his restitution judgment (Doc. 186).  Willett pleaded guilty to four counts of arson and was sentenced by Hon. G. Patrick Murphy (ret.) in June 2006.  As part of Willett's sentence, Judge Murphy ordered him to pay restitution in the amount of $371,881.31 jointly and severally with his codefendants to the victims of their crimes.  His criminal monetary penalties were to be paid as follows:

> Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program.  Any financial penalties that remain unpaid at the commencement of the term of supervised release shall be paid at the rate of $100 per month, or 10% of the defendant's gross monthly earnings, whichever is greater.

Judgment in Crim. Case 7, Schedule of Payments ¶ F (Doc. 113).

Willett seeks complete relief from the balance of his restitution—$203,993.56 as of October 2025, according to the Government—because in 2020 he was severely injured in a traffic accident and is now totally disabled.  He notes that the Government took his $100,000 settlement with the driver who caused the accident.  The Government now employs the Treasury Offset Program ("TOP") to take roughly 15% of Willett's monthly $1,732.00 Social Security disability benefit payment by administrative offset.  *See* 31 U.S.C. § 3716(a).  Willett claims that

he no longer has sufficient income to pay his monthly bills.  He asks the Court to find that his $100,000 in settlement funds taken by the Government is sufficient and to release him from the remainder of his restitution.

At the Court's request, the Government responded to Willett's motion (Doc. 189).  It notes that the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664 requires a defendant to pay full restitution to his victims and allows the Government to use judgment collection measures like the TOP to collect that debt.  It argues that the Court has no authority to waive restitution, although it may modify a payment schedule in the interest of justice if a defendant experiences a material change in economic circumstances.  18 U.S.C. §§ 3664(o)(1)(D) & (k).  Further, the Government argues that Willett has failed to exhaust his administrative remedies through the Department of Justice ("DOJ") as required before he can bring a complaint about TOP withholdings to the Court by filing a lawsuit under the Administrative Procedures Act, 5 U.S.C. § 706.

"District courts have limited power to revisit sentences after they are imposed." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).  They may only revisit them as authorized by statute or rule.  *Id.*  The MVRA, 18 U.S.C. § 3664(k), allows a district court to modify a restitution order if the defendant shows:  (1) there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and (2) "the interests of justice require" the modification.  Even if a defendant makes the required showing, the district court is only permitted to adjust the payment schedule of the restitution.  *United States v. Mandel*, 179 F. App'x 965, 966-67 (7th Cir. 2006).  The statute gives no authority to reduce or terminate the restitution order.  *Id.*

Here, Willett seeks full exoneration from his remaining restitution debt.  The Court is not

authorized to release him from that debt.  Accordingly, it **DENIES** Willett's motion (Doc. 186).

This ruling does not preclude him from seeking a modification of his payment schedule under 18

U.S.C. § 3664(k) so long as his request is supported by evidence that there has been a material

change in his economic circumstances that affects his ability to pay.  The Court further

**ORDERS** the Government to provide Willett, within 30 days of entry of this order, instructions

about how to seek administrative relief from the DOJ in light of the fact that the TOP

withholdings exceed the payment schedule ordered by the Court in 2006.

**IT IS SO ORDERED.**
**DATED:  March 23, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**